**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MACDILLA WALKER BEDELL, a/k/a
Maggie Walker,
*Defendant-Appellant.*

No. 97-4691

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ASHA FAPOHUNDA, a/k/a Black,
*Defendant-Appellant.*

No. 00-4720

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-96-417-DKC)

Submitted: September 28, 2001

Decided: November 2, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marc L. Resnick, Washington, D.C.; Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellants. Stephen M. Schenning, United States Attorney, Ronald J. Tenpas, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted Macdilla Walker Bedell and Asha Fapohunda of bank fraud.[1] On appeal, Bedell argues that the district court abused its discretion by admitting evidence of uncharged misconduct. Fapohunda alleges that the court erred by denying his request to strike appointed counsel and retain a new attorney. Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Bedell worked as a teller supervisor at a bank. This position gave her a great deal of autonomy when it came to cashing checks and making wire transfers. Bedell, Fapohunda, and other co-defendants, including Godson Thomas, devised a scheme in which Bedell would use her position at the bank to transfer funds from legitimate accounts into accounts for a fictitious company set up by them. Bedell was successful in making one transfer for $150,000, but was unable to make a second transfer for an equal amount. Over Bedell's objection, the Government was allowed to present evidence that Bedell and Thomas met approximately a year earlier and engaged in a scheme to use Bedell's position to cash stolen checks.

---

[1]Fapohunda was also convicted of aiding and abetting the bank fraud.

We review the district court's evidentiary decisions for abuse of discretion and find none. *United States v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993). To the extent that Bedell alleges that the district court admitted evidence of the stolen checks in violation of Fed. R. Evid. 404(b), we find Bedell's reliance on that rule misplaced. The evidence was admitted on the ground that it was intrinsic to the crime charged. This court has held that "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks and citation omitted).

In the present case, we find no error in the district court's decision to admit the challenged evidence. Thomas' testimony concerning the scheme to cash stolen checks was presented to show the nature and extent of the relationship between Bedell, Thomas, and Fapohunda. The evidence showed that Bedell and Thomas used Bedell's position at the bank to cash stolen checks, undetected, for their financial benefit. Fapohunda, who was acquainted with Thomas, later devised a scheme to expand the fraudulent activity to make the large wire transfer that formed the basis of the charged offense. We thus find that the challenged evidence was intertwined with the crime charged and was not presented for the sole purpose of demonstrating Bedell's bad character. *Id.*

It is well-settled that, under the Sixth Amendment, a defendant must be given a "reasonable opportunity to secure counsel of his own choosing." *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). However, a defendant does not have an absolute right to a particular attorney or to substitute counsel. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). Instead, the right is conditioned on a showing of "good cause," and the decision as to whether to grant a substitution lies in the trial court's discretion. *Id.* We evaluate whether the district court abused its discretion by denying Fapohunda's request to retain new counsel[2] by considering three factors: "[1] [t]imeliness of the motion; [2] adequacy of the court's inquiry into the defendant's

---

[2]Although Fapohunda made a verbal request, rather than filing a motion, for purposes of our analysis here, we will assume that a verbal request for a new attorney is equivalent to a motion to substitute counsel.

complaint; and [3] whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id.*

All three factors weigh against Fapohunda. First, he made his request in the middle of the trial. It is well-settled that courts must weigh a defendant's desire for a particular attorney against the countervailing interest in the efficient management of the docket. *Id.* Absent extraordinary factors not present here, a trial court will seldom err by denying a substitution motion at such a late stage of the proceedings.

Second, we find that the district court conducted an adequate inquiry under the circumstances. Fapohunda made his request in open court, and his only reason for wanting a new attorney was that appointed counsel did not ask Thomas certain questions during cross-examination. The court advised Fapohunda that it might not be in his best interest to discuss this issue in front of the jury, that counsel was appointed to make such tactical decisions, and that Fapohunda could replace appointed counsel if another attorney was present and prepared to take over immediately. Fapohunda appeared satisfied by the court's statements and made no further objections to counsel's representation. Had Fapohunda been truly dissatisfied with counsel's performance, he could have requested a hearing outside the presence of the jury.

Third, there was no evidence of a total breakdown in the attorney/client relationship. The record shows that counsel conducted a vigorous defense, presented closing arguments, and advised Fapohunda about the consequences of testifying on his own behalf.

Finally, even assuming the district court abused its discretion, we find any error to be harmless. For there to be a Sixth Amendment violation, Fapohunda would have to show that counsel rendered constitutionally ineffective assistance. *United States v. Wilks*, 46 F.3d 640, 644 (7th Cir. 1995). Fapohunda has made no such showing here.

Accordingly, we affirm Bedell's and Fapohunda's convictions and sentences. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*